■ ADELE LEMLEK, Respondent-Appellant, v ROBERT M. ISRAEL, Appellant-Respondent, and HOSPITAL FOR JOINT DISEASES ORTHOPEDIC INSTITUTE, Respondent.—Judgment, Supreme Court, Bronx County (Herbert Shapiro, J.), entered January 24, 1989, which, upon a jury verdict, found in favor of plaintiff, Adele Lemlek, against defendant Robert Israel, and awarded damages in the amount of $400,000, reduced to $240,000 upon a finding that plaintiff was 40% comparatively negligent, is unanimously modified, on the law and facts, to vacate the finding of comparative negligence and reinstate the full award of damages, and otherwise affirmed, without costs.

In this medical malpractice action, defendant physician, Robert Israel, appeals from the judgment in favor of plaintiff, and plaintiff cross-appeals from so much of the judgment as reduced her award on a finding of 40% comparative negligence and dismissed the complaint against defendant Hospital for Joint Diseases Orthopedic Institute. Upon examination of the record, we conclude that the judgment should be modified solely to the extent of vacating the finding of plaintiff's comparative negligence and the reduction in damages therefor.

Plaintiff originally came under the care of defendant physician, an orthopedist, in August 1977, after tearing the medial meniscus of her right knee while playing soccer as a 19-year-old summer camp counsellor. Defendant treated the injury

through surgery and postoperative therapy. Approximately two years later, plaintiff again consulted defendant for minor pain in the same knee, and he prescribed medication and exercise.

In May 1981, plaintiff reinjured the knee and, after first being treated by a doctor in Boston, where she was attending school, plaintiff again came under defendant's care in October 1981. Defendant performed another operation, and continued to treat plaintiff for approximately 10 months prior to having her hospitalized in October 1982 for a "manipulation". This procedure, which is performed under general anesthesia, enables the doctor to manipulate the knee in such a manner as to break up scar tissue and stretch the muscles to normal functional range.

Following the manipulation, plaintiff was to remain hospitalized for a week of intensive physical therapy. Plaintiff's expert testified that postoperative physical therapy is a critical part of the procedure, needed to maintain the mobility gained in the manipulation, and that, if a patient does not undergo intensive physical therapy following manipulation, scar tissue reforms, leaving the patient in a condition similar to, or worse than, that prior to the procedure.

Plaintiff underwent the manipulation on October 27, 1982. The very next morning, despite her protests, plaintiff was discharged from the hospital by another physician. Plaintiff made immediate calls to defendant's office, but none were returned until the next day, October 29, and defendant did not at that time make attempts to have plaintiff readmitted to the hospital. On October 30, plaintiff again called defendant, on two occasions, but did not get a return call until October 31, and it was not until November 1 that defendant finally saw plaintiff. By then, plaintiff was losing her range of motion and had to be readmitted to the hospital on an emergency basis.

As a result of the lack of immediate postsurgical therapy, occasioned by the premature hospital discharge, plaintiff subsequently required five additional surgical procedures and, despite those efforts, now has a permanent 20% to 30% loss of range of motion in her knee.

On the basis of this evidence, the jury returned a verdict in plaintiff's favor, unanimously finding that the defendant physician had been negligent and that his negligence was a proximate cause of plaintiff's injury. Although the jury found that the defendant hospital had been negligent as well, it

determined that its negligence was not a proximate cause of the injury.

It is well established that, in reviewing a jury verdict for sufficiency, a court must examine the evidence in the light most favorable to the prevailing party *(Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376, 379) and that before the court may conclude that the verdict is not supported by sufficient evidence, it must "first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial". *(Cohen v Hallmark Cards,* 45 NY2d 493, 499.) When the inquiry before the court is the related, but distinct, question of whether the jury verdict is against the weight of the evidence, what must be determined is "whether a particular factual question was correctly resolved by the trier of facts". *(Supra,* at 498; *see also, Nicastro v Park,* 113 AD2d 129, 132-133.)

Upon applying these principles to the case at bar, we conclude that the jury's findings of negligence on the part of defendant are sufficiently supported by the evidence. This evidence, which was fairly interpreted by the jury, consisted largely of defendant's failure to diligently monitor the condition and follow-up treatment of his postsurgical patient. Although defendant did not himself discharge plaintiff from the hospital, critical days were permitted to elapse before he returned her calls, scheduled an office appointment to examine her, and arrange for rehospitalization so that she could receive the crucial postoperative therapy required. Unfortunately, the lost time resulted in permanent loss of range of motion.

With respect to the finding that defendant hospital's negligence was not a proximate cause of the injury, the record establishes that plaintiff could have been readmitted within a day of the discharge, had the defendant physician so requested, and we therefore have no reason to disturb the jury's determination on this issue.

However, our examination of the record yields no factual support for the jury's conclusion that plaintiff was comparatively negligent, and this portion of the verdict is, accordingly, vacated and the full award of $400,000, which we find reasonable in light of plaintiff's youth and the permanent nature of the injuries, is reinstated. *(Cf., Grandinetti v Rose,* 155 AD2d 378.)  Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.